## BALTIMORE CITY COURT.

Filed April 30, 1908.

SETH H. LINTHICUM, TRUSTEE,
VS.
COMMERCIAL AND FARMERS'
NATIONAL BANK.

*S. S. Field* for plaintiff.
*Charles W. Field* for defendant.

NILES, J.—

If there had been inserted in the seventh count of the narr., at the end of the words "of the funds of said Ford," the additional words "belonging to him at and before the filing of the said petition on September 15, 1906, and which he might, prior to the filing of said petition, have transferred," or some words of similar effect, it is the opinion of the court that the narr. would be a good one. In the absence of such words, however, *non constat* but what said Ford acquired these funds after the filing of the said petition, and before September 17, 1906. Should this latter hypothesis be true, of course, the trustee would have no title, and it must be negatived in order that the narr. be good.

The demurrer, therefore, will be sustained.

## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed May 4, 1908.

BESSIE A. PATTERSON
VS.
SAMUEL F. PATTERSON.

*Slingluff & Slingluff* for complainant.
*William S. Bryan, Jr.,* for defendant.

GORTER, J.—

The bill was filed in this case by the plaintiff against the defendant asking for an absolute divorce on the grounds of adultery. The plaintiff in the bill asks for counsel fee, alimony pendente and permanent alimony. She also asks for the custody of the children. With her bill she files as an exhibit an agreement of separation between the defendant and her, executed in November, 1905. The evidence establishes the adultery.

The agreement of separation gives to the plaintiff $3,000 a year, payable in monthly instalments. The defendant also agrees therein to pay bills for necessary medical attendance, dentist work and for schooling for the children, and to keep in force life insurance for the benefit of his wife, the premiums upon which amount to $700 a year.

The plaintiff, in her bill, does not ask that this agreement be vacated, nor does the defendant in his answer.

The agreement, therefore, stands. When it was executed the defendant's income greatly exceeded his income at the time the testimony was taken, and the amount given the wife by the agreement, is in excess of the amount of alimony, either pendente lite, or permanent, that I would feel justified in allowing, did it not exist. Nor do I think, with the agreement in force, and carried out by the husband, it would be proper to allow the wife any counsel fee. I do not desire to express an opinion as to whether the agreement could be vacated upon the application of either party, as I do not consider that question is before me. I am ready to sign a decree granting the plaintiff an absolute divorce from the defendant, and awarding her the custody of the children.